UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.  3:01CR131(JBA) |
| v. | : | |
| | : | |
| LEONARD J. GRIMALDI | : | July 12, 2005 |

UNITED STATES OF AMERICA'S UNOPPOSED MOTION TO DISMISS
FORFEITURE ALLEGATION, TO CORRECT CLERICAL ERROR IN JUDGMENT,
AND TO UNSEAL PRIOR MOTIONS TO DEPOSIT FUNDS

The United States of America ("United States") respectfully moves the Court to: (1) dismiss the Forfeiture Allegation listed as Count 3 of the Information; (2) strike all references to the Forfeiture Allegation from the Judgment & Commitment Order, pursuant to Fed. R. Crim. P. Rule 36; and (3) unseal two prior motions for authorization to deposit funds in the Court registry, reference to the terms of which is necessary to explain the instant motion.

Facts

1.  On June 14, 2001, pursuant to a written plea agreement letter ("Plea Agreement") dated June 4, 2001, the defendant Leonard Grimaldi ("Defendant") pled guilty to an Information charging him with one count of racketeering conspiracy, 18 U.S.C. § 1962(d), one count of false tax returns, 26 U.S.C. § 7206(1), and one forfeiture allegation under the racketeering statutes, 18 U.S.C. §§ 1963(a)(1), 1963(a)(3), and 1963(m).[1]  A copy of the Plea Agreement is attached as Exhibit A. As described in the Plea Agreement and the Information, the assets to be forfeited consisted of

---

[1] Although the latter allegation does not constitute a separate criminal offense, see Libretti v. U.S., 516 U.S. 29 (1995), the forfeiture allegation in the Information was captioned "Count 3."

Defendant's interest in the premises known as 22 Hopewell Wood Road, Redding, Connecticut, and $25,000 of funds deposited in Advest money account no. 36406612. The United States and the Defendant agreed in the Plea Agreement that the combined value of the Defendant's interest in those two assets was $175,000, and that in lieu of forfeiting those specific assets, the Defendant would be permitted to pay the United States $175,000 before or upon the execution of the forfeiture judgment.

2.   In October and December of 2001, respectively, the United States received from the Defendant and deposited in the Court Registry two separate payments totaling $175,000. By sealed motions filed on, respectively, October 10, 2001 and December 10, 2001, the United States represented that with respect to those deposits:

> The parties are in agreement that, pursuant to the terms of the defendant's plea agreement letter, said funds should be applied by the Court to satisfy the defendant's financial obligations, including restitution, criminal tax liability, and forfeiture arising from the above-captioned case. The Government further requests that said funds remain in escrow pending the disposition of the defendant's criminal case.[2]

3.   The Defendant was sentenced on July 16, 2003. A copy of the Judgment & Commitment Order ("Judgment"), dated July 24, 2003, along with a previous technical correction to the Judgment, is attached as Exhibit B.[3] The Judgment imposed no forfeiture penalty. Specifically, although the Judgment listed the Defendant as guilty of all three "Counts" from the Information, including

---

[2] The sealed motions appear on the Court's electronic docket as items 16 and 18. Both motions had the same caption: "Government's Unopposed Motion for Authorization to Deposit Funds in Court Registry." Both motions contained the text quoted above.

[3] The previous technical correction, issued by the Court on September 26, 2003, addressed a clerical error in the Judgment that referred to the Defendant's having pled guilty and his being adjudged guilty to a three count "Indictment," when in fact the charging document was an Information.

"Count THREE . . . CRIMINAL FORFEITURE," it failed to include any penalty or other sentencing term pertaining to forfeiture. With respect to the $175,000 placed in escrow, the Judgment stated: "Defendant shall pay a <u>fine</u> of $75,000, due immediately, which shall be taken from defendant's escrow account, with the remainder applied to <u>back</u> <u>taxes</u> owed" (emphasis added).

4. Consistent with the above-described sentencing terms, the United States filed on July 18, 2003, the "Government's Unopposed Motion for Authorization to Disburse Funds from Court Registry" ("Motion to Disburse"). A copy of the Motion to Disburse is attached as Exhibit C. The Motion to Disburse stated in full:

> Consistent with the sentence imposed by this Court upon the defendant, Leonard J. Grimaldi, the government respectfully requests that the Clerk of the Court be ordered to disburse $179,895 which is presently being held in escrow in connection with the above-referred case as follows:
>
> 1) $75,000 to the United States in satisfaction of a fine imposed by the Court; and
>
> 2) $104,895 to the Internal Revenue Service in satisfaction of the defendant's criminal tax liability.
>
> The undersigned Assistant United States Attorney has conferred with the defendant's attorney, James T. Cowdery, who concurs with this motion.

The Court granted the Motion to Disburse by an endorsement on the first page, dated July 21, 2003.

<u>Argument</u>

5. The failure to dismiss and strike the Forfeiture Allegation at sentencing was a clerical error subject to correction under Fed. R. Crim. P. Rule 36. This Rule provides that:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

-3-

6. The above-described record of the case makes clear that the United States, the Defendant, and the Court had all come to an agreement that the sentence not include a forfeiture penalty, and that the escrowed $175,000 (plus interest) not be applied to a criminal forfeiture, but to the Defendant's fine and back taxes owed. Thus the parties and the Court had effectively agreed to dismiss the forfeiture allegation, and to apply the escrowed funds to sentencing provisions having nothing to do with forfeiture. Because both the record and the actual sentence clearly indicate the Court's intent that the sentence <u>not</u> include any forfeiture penalty, Rule 36 authorizes the Court to strike the Forfeiture Allegation from the Judgment, thereby "conform[ing] the sentence to the term which the record indicates was intended." <u>United States v. Kaye</u>, 739 F.2d 488, 490 (9th Cir. 1984) (where trial court's judgment inadvertently omitted two of several counts on which defendant was convicted and sentenced, Rule 36 authorizes trial court subsequently to "include[] the missing count numbers in" the Judgment, so that the change "conform[s] the sentence to the term which the record indicates was intended"). <u>See</u> <u>also</u> <u>United States v. Hatcher</u>, 323 F.3d 666, 672-674 (8th Cir. 2003) (where court issued preliminary order of forfeiture but omitted to include forfeiture in oral pronouncement of sentence and in written judgment, Rule 36 authorizes court subsequently to add forfeiture term to sentence, because the omission is deemed clerical, not substantive); <u>United States v. Loe</u>, 248 F.3d 449 (5th Cir. 2001); <u>United States v. Crecelius</u>, 751 F.Supp. 1035, 1037 (D. R.I. 1990), <u>aff'd</u>, 946 F.2d 880 (1st Cir. 1991) (correcting omission from judgment under Rule 36, because the omission "involve[d] only a failure to accurately reflect the clearly expressed intent of the sentencing Court . . . [and] the correction more accurately embodies what the record shows to be the Court's intent").

7. Although the cases cited involved the clerical <u>addition</u> of counts and forfeiture allegations that had been inadvertently omitted from written judgment orders, the reasoning therein is equally applicable to the instant case, which requires the clerical deletion of a forfeiture allegation from a written judgment order. Moreover, if any distinction could be drawn between the two circumstances, the act of adding a count or forfeiture term to a judgment would seem to be more substantial than that of deleting the same. Accordingly, the clerical deletion of a forfeiture allegation that was neither pronounced as nor intended to be part of the sentence follows from the foregoing precedents as an <u>a</u> <u>fortiori</u> legitimate exercise of the Court's Rule 36 authority.

8. The text of the two, sealed government motions discussed and quoted in ¶2 and footnote 2 above is needed to explain portions of the case pertinent to this motion. The sealed motions disclose only that two sums of money were paid by the Defendant to the United States, pursuant to the terms of the Plea Agreement -- which latter document remained unsealed and was entered in the public docket of the case. Accordingly, no purpose is served any longer by those motions' remaining under seal, whereas unsealing the motions will assist in correcting the Judgment as discussed herein.

9. Undersigned government counsel has discussed this motion with, and sent a copy of the motion to, defense counsel, James T. Cowdery, Esq., and attorney Cowdery indicated by a telephone message on Tuesday, July 12, 2005, that he concurs in the motion.

WHEREFORE, the United States respectfully requests that the Court issue the proposed Order submitted herewith, dismissing the Forfeiture Allegation, striking all references to the Forfeiture Allegation from the Judgment, and unsealing the two, sealed motions previously filed by the United States on October 10, 2001 and December 10, 2001.

Respectfully submitted

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____

HENRY K. KOPEL
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct24829
157 Church Street, 23d Floor
New Haven, CT  06510
(203) 821-3700

CERTIFICATE OF SERVICE

    This is to certify that I caused a copy of the foregoing Motion and proposed Order to be sent via postage prepaid, first-class mail, this ___ day of July, 2005 to:

    James T. Cowdery, Esq.
    Cowdery, Ecker & Murphy, L.L.C.
    750 Main Street
    Hartford, CT 06103

    _____
    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 3:01CR131(JBA) |
| : | |
| LEONARD J. GRIMALDI : | |

### ORDER & AMENDMENT TO JUDGMENT

Upon consideration of the United States of America's Unopposed Motion to Dismiss Forfeiture Allegation, to Correct Clerical Error in Judgment, and to Unseal Prior Motions to Deposit Funds ("Motion to Correct Judgment"), and the record of the case as a whole,

IT IS HEREBY ORDERED, that the Motion to Correct Judgment is hereby granted; and

IT IS FURTHER ORDERED, that the Forfeiture Allegation captioned "Count 3" in the Information is hereby dismissed; and

IT IS FURTHER ORDERED, that the Judgment & Commitment Order entered by this Court on July 16, 2003, and previously amended by the Court's order of September 26, 2003 ("Judgment"), is hereby amended to the extent that all references to Count 3, to Criminal Forfeiture, and to the Forfeiture Allegation are stricken; and

IT IS FURTHER ORDERED, that in all other respects the Judgment shall remain in effect; and

IT IS FURTHER ORDERED, that the two sealed motions previously filed by the United States on October 10, 2001 and December 10, 2001, each captioned "Government's Unopposed Motion for Authorization to Deposit Funds in Court Registry," shall be forthwith unsealed.

Dated this _____ day of _____, 2005, at New Haven, Connecticut.

HON. JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE